Filed 8/28/15  P. v. Lopez CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E062763 |
| v. | (Super.Ct.No. FSB023832) |
| CHRISTINE LOPEZ, | OPINION |
| Defendant and Appellant. | |
| THE PEOPLE, | |
| Plaintiff and Respondent, | E063073 |
| v. | (Super.Ct.No. FSB023832) |
| MICHELLE ANN RUIZ, | |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Michael A. Smith, Judge.  (Retired judge of the San Bernardino Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

1

Cindi B. Mishkin, under appointment by the Court of Appeal, for Defendant and Appellant Christine Lopez.

Richard Power, under appointment by the Court of Appeal, for Defendant and Appellant Michelle Ann Ruiz.

No appearance for Plaintiff and Respondent.

Defendant and appellant Christine Lopez appeals after the trial court denied her petition for resentencing under Penal Code section 1170.126, known as the Three Strikes Reform Act of 2012 (Prop. 36, as approved by voters, Gen. Elec. (Nov. 6, 2012)).[1] Codefendant and appellant Michelle Ann Ruiz appeals the trial court's denial of her Proposition 36 petition, as well.  On its own motion, this court consolidated the appeals. Lopez filed a notice of appeal on January 22, 2015.  Ruiz filed a notice of appeal on March 10, 2015.  We affirm.

PROCEDURAL BACKGROUND

*Defendant Christine Lopez*

A jury convicted Lopez of murder (§ 187, subd. (a), count 1) and second degree residential robbery (§ 211, count 2).  It also found true the allegation that, in the commission of counts 1 and 2, a principal was armed with a firearm.  (§ 12022, subd. (a)(1).)  Following a bifurcated trial on Lopez's prior convictions, the trial court found that she had served five prior prison terms (§ 667.5, subd. (b)) and had two prior

---

[1] All further statutory references will be to the Penal Code, unless otherwise noted.

2

serious or violent felony convictions, within the meaning of sections 1170.12, subdivisions (a) through (d), 667, subdivisions (b) through (i), and 667, subdivision (a)(1). The court then sentenced Lopez to a total indeterminate sentence of 88 years to life in state prison.

On November 6, 2014, Lopez filed a petition for resentencing under section 1170.126. The court denied the petition since her current convictions were for the violent and serious felonies of murder (§ 187, subd. (a)) and robbery (§ 211), which made her ineligible for resentencing. (§§ 1170.126, subd. (e)(1), 1192.7, subd. (c)(1) & (19).)

On January 22, 2015, Lopez filed a notice of appeal.

*Defendant Michelle Ann Ruiz*

A jury convicted Ruiz of murder (§ 187, subd. (a), count 1) and second degree residential robbery (§ 211, count 2). It also found true the allegation that, in the commission of counts 1 and 2, a principal was armed with a firearm. (§ 12022, subd. (a)(1).) Following a bifurcated trial on Ruiz's prior convictions, the trial court found that she had three prior serious or violent felony convictions, within the meaning of sections 1170.12, subdivisions (a) through (d). It also found that she had one serious felony conviction, within the meaning of section 667, subdivision (a)(1), and had suffered two prior prison terms (§ 667.5, subd. (b)). The court then sentenced Ruiz to a determinate term of eight years and an indeterminate sentence of 50 years to life in state prison.

On November 6, 2014, Ruiz filed a petition for resentencing under section 1170.126. The court denied the petition since her current convictions were for the violent and serious felonies of murder (§ 187, subd. (a)), and robbery (§ 211), which made her ineligible for resentencing. (§§ 1170.126, subd. (e)(1), 1192.7, subd. (c)(1) & (19).)

On March 10, 2015, Ruiz filed a notice of appeal.

ANALYSIS

This court appointed counsel to represent defendants on appeal. Both counsel have filed briefs under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case, and a brief statement of the facts. Both counsel identify two potential arguable issues: (1) whether the court properly determined that both defendants were ineligible for resentencing under section 1170.126; and (2) whether the petitions were heard and ruled upon by the proper judge, in accordance with Proposition 36.

Both defendants were offered an opportunity to file a personal supplemental brief. Ruiz did not file a brief. Lopez filed a handwritten letter brief. She stated: "I'm writing this letter with a few more issues and new evidence." She then cites the name of a case, with no actual citation, and simply asserts that "an aider and abettor may not be convicted of first degree premeditated murder under the 'natural and probable consequence' (NPC) doctrine." In addition, Lopez attached the transcript from a portion of a police interview with Ruiz, and the reporter's transcript of the testimony of an unidentified witness, at an unidentified hearing. Lopez provides no argument or explanation in her letter brief.

4

Ultimately, the contents of her letter brief and attached transcripts have no bearing on whether she was eligible for resentencing under Proposition 36.  The court properly found that she was ineligible, since her current convictions were for the violent and serious felonies of murder (§ 187, subd. (a)), and robbery (§ 211).  (§§ 1170.126, subd. (e)(1), 1192.7, subd. (c)(1) & (19).)

Under *People v. Kelly* (2006) 40 Cal.4th 106, we have conducted an independent review of the record and find no arguable issues.

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

HOLLENHORST
Acting P. J.

We concur:

MILLER
J.

CODRINGTON
J.